UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ONAMARIE MILLER, | ) | CASE NO. 1:26 CV 391 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| NIKITA PHILLIPS, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Onamarie Miller filed this action against Nikita Phillips, who she identifies as "CPS Worker on File," Jane Doe whom she describes as "(Took the Witness Stand) Case Worker Fairview Hospital," Christian M. Joliat who she identifies as "Guardian Ad Litem on file," and Kina Crowder who she identifies as "CPS Worker on File." (Doc. No. 1 at PageID #: 3). The Complaint (Doc. # 1) contains no facts. It consists of one statement: "My high blood pressure that's when Nikita Phillips threaten[ed] to remove my baby if I didn't cooperate." (Doc. No. 1 at PageID #: 4). She lists causes of action for violation of Fourth and Fourteenth Amendment rights. For relief, she indicates that she "want[s] the courts to open it up for discovery Motions for them to compel documents and for the evidence of systematic practice whice [sic] falls with another case 1:24 CV 495. Yes, I will be seeking monetary damages." (Doc. No. 1 at PageID #: 5).

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. No. 2). That Application is granted.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the

pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998)

### III. ANALYSIS

Plaintiff's Complaint fails to meet the minimum pleading requirements under Federal Civil Procedure Rule 8. Federal Civil Procedure Rule 8 requires a Plaintiff to submit a short, plain and concise statement of his or her claims and relief. To meet these minimum notice pleading requirements, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's Complaint contains no facts and it simply lists two constitutional amendments with no suggestion of how they might apply in this case. The Complaint does not provide enough information to meet the basic pleading requirements.

### IV. CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

2/24/2026
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE